RUTH F. FULLER, by her next friend,

*vs.*

J. K. BLAIR et al. & Trustee.

Cumberland.    Opinion December 3, 1908.

*Minor.   Wages Belong to Father, When.   Action in Name of Minor.   Same Cannot be Maintained, When.*

1. The wages earned by a minor belong to his father, unless the latter has voluntarily relinquished them.

2. And a suit to recover such wages, brought in the name of the minor cannot be maintained, in the absence of proof of such relinquishment by the father.

3. No such relinquishment is shown in the case at bar.

On exceptions by plaintiff.    Overruled.

Action of assumpsit on a quantum meruit count, brought in the Superior Court, Cumberland County, by the plaintiff, "Ruth F. Fuller, an infant under the age of twenty-one who brings this action by William D. Fuller of said Portland her next friend," to recover compensation for her services as a singer in a certain place of amusement in Portland, conducted by the defendants, J. K. Blair and J. E. McGuiness, copartners doing business under the name and style of the "New York Amusement Company." Plea, the general issue. Tried at the April term, 1908, of said Superior Court. The bill of exceptions further states the case as follows: "During the presentation of the evidence, counsel for plaintiff requested that the plaintiff might sing some of the songs for which she claimed compensation in her declaration but the presiding Justice declined to allow her to sing before the jury. After the plaintiff's evidence was presented, on motion of William H. Gulliver, Esq., attorney for the defendants, the court ordered a nonsuit because the action was not brought in the name of William D. Fuller, the father of Ruth F. Fuller, but by Ruth F. Fuller by

the father as next friend. It appeared that the father took no active part in making the trade but was informed that his daughter was engaged to sing prior to the services rendered for which the action is brought." The plaintiff then excepted to the aforesaid rulings and order of nonsuit.

*Dennis A. Meaher*, for plaintiff.

*William H. Gulliver*, for defendants.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SAVAGE, J.   Exceptions to an order of nonsuit. The plaintiff is a minor and brings this suit in her own name by her father as next friend, to recover compensation for her services as a singer. The sole question presented by this exception is whether her earnings belong to her or to her father. If they belong to her, the order of nonsuit was erroneous. But if they belong to her father, she cannot maintain a suit for them in her own name, even if her father is willing. The father might waive his right to her services, and permit her to labor on her own account for her own benefit, in which case she could recover in her own name ; but, of course, he cannot change a liability of the defendant to himself into a liability to his daughter by simply waiving his claim.

The law upon this subject has been so recently discussed by the court in *Merrill* v. *Hussey*, 101 Maine, 439, that it will suffice to state briefly the rules involved in this case. It is the general rule that a father, since he is bound to support his minor child, is entitled to the child's wages. They belong to him, just as his own wages do. He may relinquish this right to the child. He may do so by a general emancipation, or he may relinquish his right pro tanto, or in a particular instance. If a minor earns wages with the consent of the father that they shall belong to the minor, the latter is entitled to them, and not the father. *Boobier* v. *Boobier*, 39 Maine, 406. If a minor makes a contract for his services on his own account, and the father knows of it and does not object, the law implies the father's consent that the wages shall belong to the

minor. *Whiting* v. *Earle*, 3 Pick. 201; *Boynton* v. *Clay*, 58 Maine, 236. So, when a minor makes contracts for himself with the knowledge of the father, this is evidence of the latter's consent. *Manchester* v. *Smith*, 12 Pick. 113. So, when the father authorizes the minor to go into a particular service and have his earnings, the minor is entitled to recover them in his own name, to his own use. *Merrill* v. *Hussey*, supra.

It will be noticed that in these cases the right of the minor to his own wages, in the absence of a general emancipation, was recognized only when the wages were earned "with the consent of the father that they shall belong to the minor," or when the minor, with his father's consent, made a contract for his services "on his own account," or when the minor, with like consent, made a contract "for himself," or when the father authorized him to "have his earnings."

In this case no general emancipation is claimed. The contrary appears. The plaintiff, a thirteen years old school girl, was permitted by her parents to sing in public for hire. In general the mother made the arrangements, with the consent of the father. The earnings were paid to the mother and put into the family purse, for family use. In the particular instance involved in this case, the mother made the contract, and the father knew of it and consented to it. But there is no evidence that he consented that the daughter's wages should belong to her. It is plain, on the contrary, that he did not.

It follows that a nonsuit was properly ordered.

*Exceptions overruled.*